**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**DESMOND CAVENDER, Defendant–
Appellant.**

No. 13–1469.

United States Court of Appeals,
Seventh Circuit.

Submitted July 15, 2013.

Decided July 22, 2013.

Before FRANK H. EASTERBROOK,
*Chief Judge* KENNETH F. RIPPLE,
*Circuit Judge* DIANE P. WOOD, *Circuit
Judge*

ORDER

In this appeal, Desmond Cavander asks
us to review the revised sentence he has
received for his 1998 conviction (after a
guilty plea) on one count of conspiracy to
distribute crack cocaine. The guideline
range at the time was 292 to 365 months,
and Cavander received a sentence of 312
months' imprisonment. In March 2008, he
filed a motion for reduction of sentence
pursuant to 18 U.S.C. § 3582(c)(2), citing
recent amendments to the guidelines that
reduced his recommended sentence range
to 235 to 293 months. Noting that Section
3582(c)(2) authorizes, but does not require,
a reduction of sentence under such circum-
stances, the district court denied that mo-

tion. The court emphasized that Cavander
had not been a model prisoner: Bureau of
Prisons records reflected "approximately
31 incidents of disciplinary actions, [includ-
ing a] 2004 incident of attempted murder
and possession of a weapon." The court
concluded that a reduction in sentence
would pose an unwarranted danger to the
public.

In May 2012 Cavander filed a second
Section 3582(c)(2) motion, this time citing
new amendments that further reduced his
sentencing range. The new guideline
range had fallen down to 188 to 235
months. Cavander was thus eligible for a
124–month reduction of his sentence.
Nonetheless, the district court decided to
grant a reduction of only 24 months, from
312 months to 288 months. Although this
sentence is a shade below his original
guidelines range and within the 2008
range, it is significantly above the second
amended range. In explaining its deci-
sion, the court again cited Cavander's
"consistent pattern of engaging in viola-
tions of prison rules while incarcerated,
some involving possession of dangerous
weapons, threats, and fighting, which
when combined with his prior criminal rec-
ord of violent offenses, establishes that he
continues to be a risk of danger to the
community." The court went on to note
that Cavander had been involved in seven
additional prison incidents since his previ-
ous Section 3582(c)(2) motion was denied
in October 2008. This misbehavior, it ob-
served, "reflect[s] his [continued] disre-
spect for authority." Accordingly, the
court concluded that Cavander remained a
threat to public safety and was entitled
only to the more limited sentence reduc-
tion.

We review a district court's denial of a
sentence reduction under 18 U.S.C.
§ 3582(c)(2) for an abuse of discretion.
*United States v. Purnell,* 701 F.3d 1186,

1189 (7th Cir.2012). Section 3582(c)(2) provides that a court *"may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). The Application Notes to the "applicable policy statements" instruct that "court[s] shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining ... whether such a reduction is warranted[,] and ... the extent of such reduction"; they also provide that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the term of imprisonment." U.S.S.G. § 1B1.10, App. Note 1(B); see also 18 U.S.C. § 3553(a)(2)(C) ("The court, in determining the particular sentence to be imposed, shall consider ... the need for the sentence imposed ... to protect the public from further crimes of the defendant."). That is what the district court did here: it surveyed Cavander's extraordinarily bad record while in prison and determined that a greater reduction of sentence would be inconsistent with the considerations listed in Section 3353(a) and the policy statements of the Sentencing Commission. Because the "district court's reasoning process and result were within broad bounds of reasonableness," we find no abuse of discretion. *Purnell,* 701 F.3d at 1189.

The judgment of the district court is **AFFIRMED.**